UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 8-cr-1332-JAH-1 |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [ECF NO. 530; ECF NO. 578]** |
| RAUL VILLARREAL | |
| Defendant. | |

## I.   INTRODUCTION

Pending before the Court is Defendant Raul Villareal's ("Defendant" or "Mr. Villareal") motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) in light of his medical conditions and circumstances regarding COVID-19.  (ECF No. 530 at 3; ECF No. 578 at 3-7).  Plaintiff United States of America ("Government") responded in opposition to the motion.  (ECF No. 549; ECF No. 581).  Having carefully considered the motion, exhibits, and responses, and for the reasons set forth below, Defendant's motion is **DENIED.**

///

1

## II.    **PROCEDURAL BACKGROUND**

On April 24, 2008, Defendant Villareal was charged with multiple counts of Bringing in Aliens for Financial Gain, Conspiracy to Bring in Illegal Aliens for Financial Gain, Receiving Bribe by Public Official, Bribery of a Public Official, Conspiracy to Launder Money (International Promotion), Conspiracy to Tamper with a Witness, and Witness Tampering.  (ECF No. 1).  The case proceeded to trial and the jury convicted Defendant of Conspiracy to Bring in Illegal Aliens for Financial Gain, several counts of Bringing in Illegal Aliens for Financial Gain, Receiving Bribe by Public Official, and Conspiracy to Launder Money (International Promotion).  (ECF No. 362 at 1).  The Court initially sentenced Defendant to 420 months in custody, (*id*. at 2), and Defendant appealed his conviction and sentence.  (ECF No. 353).  The Ninth Circuit reversed in part, holding that the Court gave an improper jury instruction on the bribery charge, erred by considering departures before calculating the Guideline range, and failed to explain the sentence.  (ECF No. 449).  After the case was remanded to this Court, the Government dismissed the bribery charge, which negated the need for a new trial.  (ECF No. 448).  Instead, the case proceeded to re-sentencing, where the Court sentenced Defendant to a total of 336 months in custody, (ECF No. 488), which was appealed by the Defendant and subsequently affirmed by the Ninth Circuit.  (ECF No. 504).

On January 7, 2021, Defendant filed the instant motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 530).[1]  Defendant alleges his age and underlying medical conditions place him at significant risk of contracting COVID-19 and suffering severe long-term effects.  *Id.*  On February 22, 2021, the Government filed a response in opposition to Defendant's motion.  (ECF No. 549).  The Government argues, among other things, that the Defendant possesses adequate and consistent access to

---

[1] The Court notes that Fidel Villareal, Defendant's brother and co-defendant, filed a substantially similar initial motion for compassionate release.  The Court has reviewed and considered both motions independently, though some language may be similar, given the near-identical nature of their initial motions and underlying offenses.

professional health care within the BOP to sufficiently monitor his underlying medical conditions. *Id.* Defendant filed a supplemental motion on June 23, 2021 in support of his initial motion for compassionate release (ECF No. 578). The Government filed an opposition to Defendant's supplemental motion, (ECF No. 581), to which Defendant replied (ECF No. 594).

### III.   **LEGAL STANDARD**

A court generally may not correct or modify a prison sentence once it has been imposed, unless expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). Defendant seeks modification of his sentence under the compassionate release provision of 18 U.S.C. §3582(c)(1)(A)(i), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). The amendment to §3582(c)(1)(A) provides prisoners with two direct routes to court: (1) file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion, or (2) file a motion after "the lapse of 30 days from the receipt ... of such a request" by the warden of the defendant's facility, "whichever is earlier." 18 U.S.C. § 3852(c)(1)(A). Thereafter, the Court may determine whether "extraordinary and compelling reasons warrant such a reduction" and whether "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*; U.S.S.G. § 1B1.13(1)(A) & cmt. 1. The Court also considers whether a reduction would be consistent with the §3553(A) factors.

"As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction." *United States v. Rupak*, No. 16-CR-01333-BAS-1, 2022 WL 65171, at *3 (S.D. Cal. Jan. 6, 2022) (citing *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020)).

///
///
///
///

8cr1332-JAH-1

1
2
3
4
5
6
7
8

## IV.   DISCUSSION

In analyzing whether Defendant is entitled to compassionate release under 18 U.S.C. §3582(c)(1)(A), the Court will determine whether the following three requirements are satisfied.  First, Defendant must show he has exhausted his administrative remedies. Second, Defendant must demonstrate that extraordinary and compelling reasons "warrant . . . a reduction." 18 U.S.C. §3582(c)(1)(A)(i).  Third, Defendant must establish that the 18 U.S.C. §3553 (a) sentencing factors "are consistent with" granting a motion for compassionate release. *United States v. Trent,* 2020 WL 11812242, at *2 (N.D. Cal. 2020).

9

### A. Exhaustion of Administrative Remedies

10
11
12
13
14

A court may reduce a term of imprisonment on a motion from a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See* 18 U.S.C. §3582(c)(1)(A).

15
16
17
18
19
20
21
22
23
24

In his initial motion, Defendant notes that he submitted an electronic request for compassionate release with the Warden at FCI Gilmer on October 3, 2020 and contends that the Warden failed to respond within thirty days.  (ECF No. 530 at 2).  However, contrary to Defendant's claim, the Government has explained that on October 28, 2020, Warden R. Hudgins denied Defendant's request for compassionate release.  (ECF No. 549 at 27).  Though it is unclear whether Defendant has properly appealed the Warden's decision,[2] the Government concedes that Defendant has exhausted his remedies.  (ECF No. 549 at 27; ECF No. 581 at 26).  Accordingly, the Court proceeds to review Defendant's motion on the merits.  *See United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021)

25
26
27
28

---

[2] *See Ngo*, 2022 WL 207704, at *1 (holding that Defendant did not exhaust his remedies despite the fact that he made a petition for compassionate release to the warden, which was denied.  The court noted that the inmate should have appealed the Warden's decision to the regional director and then to the General Counsel of the BOP in order to exhaust his remedies); *see also Rupak*, 2022 WL 65171 at *2 (citation omitted) (finding that Mr. Rupak "failed to exhaust his administrative remedies" because "he did not appeal the denial of his request[.]").  Here, while Defendant has alleged that his request was denied by the warden, he is silent as to any subsequent appeals within the BOP system.

(holding that while "§3582(c)(1)(A)'s administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced when properly invoked", the rule is "mandatory in the sense that a court must enforce the rule if a party properly raise[s] it, but the objection may be forfeited if the party asserting the rule waits too long to raise the point") (internal quotations and citations omitted); *see also Rupak*, 2022 WL 65171 at *2 (citation omitted) (noting that while Mr. Rupak "failed to exhaust his administrative remedies" because "he did not appeal the denial of his request", "the Government failed to raise this issue in its brief" and thus "the Court proceeds to analyze his substantive request.").

**B.** <u>**Defendant Fails to Carry His Burden to Demonstrate that Extraordinary and Compelling Reasons Warranting Reduction Exist**</u>

Defendant argues that he faces a heightened risk of severe symptoms and death from COVID-19 because of his hypertension, obesity, PTSD, high A1C levels, and age, and claims that this constitutes an extraordinary and compelling reason warranting a reduction. (ECF No. 530 at 3). Defendant further contends that circumstances in BOP facilities and FCI Gilmer rises to the level of "extraordinary and compelling." (ECF No. 578 at 7). The Government concedes that Defendant may suffer from certain medical conditions, but principally argues that he has failed to demonstrate that his medical conditions constitute "extraordinary and compelling" reasons warranting a reduction in light of his vaccination status. (ECF No. 581 at 8).

A court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §3582 (c)(1)(A). Though the Sentencing Commission's original policy statements are not binding,[3] they are informative and provide illustrative examples of extraordinary and

---

[3] Instead of providing a statutory definition for "extraordinary and compelling reasons", Congress "delegated that responsibility to the U.S. Sentencing Commission", which "has been unable to update its definition of 'extraordinary and compelling reasons' following passage of the First Step Act that amended §3582(c)(1)(A)." *Rupak*, 2022 WL 65171 at *3 (citing *United States v. Aruda*, 993 F.3d 797, 800 (9th

compelling reasons, such as a "serious physical or medical condition", "serious functional or cognitive impairment", or "deteriorating physical or mental health because of the aging process", any of which "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Rupak*, 2022 WL 65171 at \*3 (citation omitted).

### a. Defendant's Medical Conditions Are Not a Basis for Compassionate Release, Especially in Light of His Vaccination Status

Defendant first argues that his medical conditions and the potentially heightened risk of severe COVID-19 outcomes are a basis for compassionate release. (ECF No. 530 at 3). The Government does not contest that Defendant is over 50 years of age, and suffers from "hypertension, high A1C levels, post-traumatic stress disorder" and "is overweight". (ECF No. 581 at 8). However, as the Government notes, Defendant is vaccinated, (ECF No. 581 at 8, 45-46), a fact that counsels against a finding of "extraordinary and compelling" despite Defendant's medical conditions. *See, e.g., United States v. Del Rosario Martinez,* 524 F. Supp. 3d 1062, 1066 (S.D. Cal. 2021) (rejecting compassionate release motion from inmate claiming that they "suffe[r] from several serious health conditions, including obesity, hypertension, anemia, osteoporosis, and depression" because Defendant's "vaccination significantly mitigates the risk that [they] will contract COVID-19, much less become seriously ill.") (internal quotation marks omitted) (quoting *United States v. Grummer*, No. 08-CR-4402-DMS, 2021 WL 568782, at \*2 (S.D. Cal. Feb. 16, 2021)). Indeed, like other courts in this district[4], this Court agrees with the Seventh Circuit that "for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of

---

Cir. 2021)). Because the Sentencing Commission has not issued a revised policy statement after the enactment of the First Step Act, courts have generally held that there is no binding policy statement applicable to defense-initiated motions. *See, e.g., United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020).

[4] *See, e.g., United States v. Rupak,* No. 16-CR-01333-BAS-1, 2022 WL 65171, at \*3 (S.D. Cal. Jan. 6, 2022) (citing *Broadfield*, 5 F.4th at 802).

COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 802 (7th Cir. 2021).

### b. Conditions at FCI Gilmer Are Not Extraordinary and Compelling Reasons Warranting Reduction Because of the High Number of Vaccinated Inmates and Low Number of Active Cases of COVID-19

Defendant next argues that "conditions of prison confinement create the ideal environment for transmission of contagious disease" and discusses COVID-19 outbreaks in other prison facilities. (ECF No. 578 at 5-6). Defendant also alleges that FCI Gilmer's response to COVID-19 has been lacking, and bemoans the "lack of testing" and claims that "guards huddled together without masks on during smoke breaks before returning to being around the inmates". (*Id.* at 7). Defendant claims that this demonstrates that the facility "is not taking great pains to practice social distancing or protect the health and safety of its vulnerable inmates" and notes that the facility was placed on lockdown twice since the time of his filing. (*Id*).

First, as to Defendant's general arguments regarding prison conditions, though the Court is sympathetic to Defendant's concerns about COVID-19, "the same argument applies to any inmate" with underlying conditions and "[c]onsideration of relief on a motion for compassionate release looks not at the generalized impacts on the movant and others but to the specific effects on him that, in combination, make his circumstances extraordinary and compelling." *United States v. Ngo*, No. 19CR1391 JM, 2022 WL 207704, at *3 (S.D. Cal. Jan. 24, 2022). Defendant's general concern about COVID-19 do not rise to the level of "extraordinary and compelling." *See, e.g., United States v. Eberhard*, 2020 WL 1450745, at *2 (N.D. Cal. 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement.").

Second, as to Defendant's specific arguments regarding FCI Gilmer, including the behavior of the guards, the lack of safety precautions, lockdowns, and lack of testing, the Court finds them unavailing in light of current conditions at FCI Gilmer. Most importantly, FCI Gilmer (1) has successfully vaccinated 1416 out of 1592 inmates as of March 16, 2022,

and (2) reports *no* active cases among inmates, and only one positive case among staff. *See COVID-19,* BOP, https://www.bop.gov/coronavirus/ (last visited March 16, 2022).[5] And this is an improvement even from the prior month, where there were four total active cases, and only three cases among the inmates. (*Id.*). Where Defendants are "housed at an institution where the spread of the virus is currently minimal to virtually nonexistent" and "Defendant has been inoculated against the disease", courts have declined to find "extraordinary and compelling" circumstances. *See, e.g., Del Rosario Martinez,* 524 F. Supp. 3d at 1067.

Taken together, Defendant's medical conditions and concerns regarding FCI Gilmer do not rise to the level of "extraordinary and compelling" because (1) Defendant is vaccinated, (2) nearly 90% of inmates at FCI Gilmer are fully inoculated, and (3) there are *no active cases* among inmates. *See COVID-19,* BOP, https://www.bop.gov/coronavirus/ (last visited March 16, 2022).

### C. **A Reduction in Sentence Would Not Be Consistent With the Section 3553(a) Factors**

Even if Defendant's motion was supported by a showing of extraordinary and compelling reasons for compassionate release, and it is not, Defendant must persuade the court that a reduction in sentence would be consistent with consideration of the sentencing factors set forth in 18 U.S.C. §3553(a). *See* 18 U.S.C. §3582(c)(1)(A). Those factors include, among other things, the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from

---

[5] Like other district courts in the Ninth Circuit, this Court "takes judicial notice of the BOP coronavirus update" and considers the number of cases reported by the BOP. *United States v. Laborin*, 2020 WL 5909493, at *1, n.3 (E.D. Cal. Oct. 5, 2020); *see also United States v. Miles*, No. 2:17-CR-00127-KJM, 2020 WL 3256923, at *1, n.1 (E.D. Cal. June 16, 2020) (explaining that like "other courts, this court takes judicial notice of the information presented by the BOP at https://www.bop.gov/coronavirus/") (citation omitted); *United States v. Ortiz,* No. 2:15-CR-00124 KJM, 2021 WL 1089949, at *5 (E.D. Cal. Mar. 22, 2021).

further crimes of the defendant; to provide the defendant with needed medical care in the most effective manner; and the need to avoid unwarranted sentence disparities among defendants who have been found guilty of similar conduct. *See* 18 U.S.C. §3553(a).

Defendant himself recognizes that his conduct was "indeed serious, warranting a lengthy sentence to account for the nature and circumstances of the offense, the personal history and characteristics of Mr. Villareal, to promote respect for the law, to deter Mr. Villareal and others from engaging in similar conduct, and the need to protect the public from any further crimes by Mr. Villareal." (ECF No. 578 at 8). However, Defendant contends that "all of these factors have been satisfied by the twelve years . . . that Mr. Villareal's liberties have been restricted" and that "[t]he sheer amount of time that Mr. Villareal has been confined to a locked cell successfully addressed each and every one of the §3142(h) and §3553(a) factors." (*Id.*).

The Court disagrees and finds that the balance of the §3553(a) factors counsel against granting Defendant's request. The Court notes that Defendant has been convicted of serious offenses with equally serious enhancements imposed pursuant to the Sentencing Guidelines. The Defendant conducted these serious offenses while on duty in his area of responsibility, in uniform, and utilized a law enforcement vehicle to smuggle aliens in broad daylight. A sentence that speaks to general and specific deterrence (to other law enforcement officers) from so brazenly violating the public trust and oath of office were significant factors considered in arriving at the sentence imposed. Taking into consideration the nature and circumstances of the offenses and the history and characteristics of the Defendant, deterrence, and the need to avoid unwarranted sentencing disparities, the Court finds that they do not weigh in favor of compassionate release. Indeed, reducing Defendant's sentence from 336-months to approximately 160-months "does not adequately reflect the seriousness of his actions." *United States v. Morales*, No. 1:17-CR-00274-DCN-1, 2021 WL 203301, at *3 (D. Idaho Jan. 20, 2021). Moreover, modifying his sentence when Defendant has served approximately one-half of his sentence

"would not promote respect for the law and would not act as a deterrent."  *United States v. Lathum*, No. 17CR2861(3), 2021 WL 5989930, at *2 (S.D. Cal. Dec. 17, 2021).

### D. Danger to Other Persons and the Community

Before granting a motion for compassionate release under §3582, the Court must take into consideration whether Defendant poses a danger to the community.  *See* U.S.S.G. § 1B1.13(2) (Compassionate release is only warranted where "[t]he defendant is not a danger to the safety of any other person or to the community[.]").[6]  In making this assessment, courts consider the factors in 18 U.S.C. § 3142(g): (1) the nature and circumstances of the charged offense, (2) the weight of the evidence, (3) the defendant's history, and (4) the nature of any danger to the community or individual.  *See* 18 U.S.C. §3142(g)(1)-(4).

Here, Defendant argues that he does not pose a danger to the safety of the community because he has had no disciplinary issues while in custody, has "progressively matured and changed [his] way of thinking," is now "older [and] wiser", and wants to volunteer in community efforts.  (ECF No. 578 at 7-8).  The Government argues that the Defendant presents a danger to the safety of the community because of the serious nature of the felony offenses and numerous aggravating factors.  (ECF No. 581 at 39-40).

While Defendant's disciplinary record and desire to volunteer is commendable, they do not sufficiently mitigate his egregious conduct nor the numerous aggravating factors at issue.  Accordingly, after considering the §3142(g)(1)-(4) factors, and in particular the first and fourth factors, the Court finds that Defendant would continue to present a danger to

---

[6] Though the requirement to consider dangerousness typically comes from §1B1.13(2), the Ninth Circuit held in *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) "that there are no applicable Sentencing Commission policy statements for compassionate release motions *filed by a defendant*."  *United States v. Motalebi*, No. 2:17-CR-34 JCM (NJK), 2021 WL 2583548, at *2 (D. Nev. June 23, 2021) (describing the holding in *Aruda*, 993 F.3d at 802).  While §1B1.13(2) may no longer be binding, it may still "inform a district court's discretion on compassionate release motions[.]"  *Id.* (quotations omitted).  And "courts that have found the guideline no longer authoritative still require defendants to demonstrate that they are not dangers to society."  *United States v. Baye*, 464 F. Supp. 3d 1178, 1190 (D. Nev. 2020) (citing *United States v. Cantu*, 423 F. Supp. 3d 345, 352–53 (S.D. Tex. 2019)).  Accordingly, the Court considers dangerousness here.

other persons and the community, though the Court need not reach this conclusion in light of Defendant's failure to demonstrate "extraordinary and compelling reasons" warranting reduction or that a reduction would be consistent with the 3553(a) factors.

## V.    **CONCLUSION**

For the reasons set forth above, Defendant's motion for reduction of sentence pursuant to the compassionate release provision of §3582 (c)(1)(A) is **DENIED**.

**IT IS SO ORDERED.**

DATED: March 24, 2022

_____
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

8cr1332-JAH-1